IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **CRISTIN LLEWELLYN** and **CHRISTOPHER CIESIEL,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CARRINGTON MORTGAGE SERVICES, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS INC.,** and **TRANS UNION, LLC,**<br><br>Defendants. | Case No.: 4:21-cv-00850-GAF |

## AMENDED COMPLAINT

COME NOW Plaintiffs Cristin Llewellyn and Christopher Ciesiel (together "Plaintiffs"), through counsel, and for Plaintiffs' causes of action against Defendants state as follows:

1. This is an action for damages brought by an individual consumer against the Defendant Carrington Mortgage Services, LLC and Defendants Equifax, Experian, and Trans Union for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 *et seq*.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiffs are citizens of the State of Missouri.

5. Defendant Carrington Mortgage Services, LLC ("Carrington") is a Delaware limited liability company.

6. Defendant Carrington Mortgage Services, LLC was and is engaged in the business of servicing mortgages, within the State of Missouri.

1

7. Defendant Equifax Information Systems, LLC ("Equifax") is a Georgia Limited Liability Company.

8. Defendant Equifax was and is engaged in the business of credit reporting, within the State of Missouri.

9. Defendant Trans Union LLC ("Trans Union") is an Illinois corporation.

10. Defendant Trans Union was and is engaged in the business of credit reporting, within the State of Missouri.

11. Experian Information Solutions Inc. ("Experian") is a Delaware corporation.

12. Experian was and is engaged in the business of credit reporting, within the State of Missouri.

13. In January 2020, Defendant Carrington serviced the Plaintiffs' mortgage on their home.

14. As of January 2020, Defendant Carrington was receiving monthly payments by Plaintiffs via an auto ACH from Plaintiffs' bank account.

15. In January 2020, Defendant Carrington ceased withdrawing payments from Plaintiff's bank account.

16. Plaintiffs contacted Defendant Carrington about the payments tendered but not accepted by Defendant Carrington.

17. Instead of accepting the tendered payments, Defendant Carrington reported Plaintiffs 30 days late on their mortgage payment to Defendants Equifax, Experian, and Trans Union.

18. In April 2020, Plaintiffs applied for a mortgage forbearance pursuant to the Cares Act with Defendant Carrington.

19. In April 2020, Plaintiffs were notified by Defendant Carrington that they were placing Plaintiffs on a 90 day "no-pay" forbearance.

20. After the 90 day "no-pay" forbearance, Defendant Carrington began reporting Plaintiffs 150 days late on their mortgage payment to Defendants Equifax, Experian, and Trans Union.

21. Plaintiffs would not have applied for the payment forbearance if they had known that Defendant Carrington would report them late during the forbearance period.

22. Because Plaintiffs had no obligation to pay Defendant Carrington during the mutually agreed forbearance, it is inaccurate to report Plaintiffs as late during this period.

23. Plaintiffs became aware of the misreporting while they were attempting to get pre-approved for a mortgage in March 2021.

24. A senior loan officer at Guild Mortgage pulled Plaintiff's credit reports and informed the Plaintiffs of the serious delinquent payment history of their Carrington mortgage account, during the period of their COVID forbearance.

25. In light of the inaccurate reporting, Plaintiffs were not given options for continuing with the pre-approval process.

26. Plaintiffs issued multiple letters to Defendant's Equifax, Experian, and Trans Union disputing the inaccurate and misleading payment status and reporting.

27. Defendant's Equifax, Experian, and Trans Union notified Plaintiffs that they had contacted Defendant Carrington and Defendant Carrington was continuing to report Plaintiffs late on their mortgage payments to Defendant's Equifax, Experian, and Trans Union.

28. Plaintiff's creditors and potential creditors have accessed Plaintiffs' reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiffs'

credit worthiness.

29. Plaintiffs are still intending to sell their current home and qualify for a mortgage.

30. But for the misreporting of their Carrington mortgage account, Plaintiffs would be applying for a mortgage right now.

31. Plaintiffs plan to seek pre-approval for a mortgage, so they can sell their current home and seek to purchase a larger dwelling, as soon as the misreporting with their Carrington mortgage account is corrected.

32. Plaintiffs are not currently late on their payment obligations to Defendant Carrington.

33. The inaccurate information negatively reflects upon the Plaintiffs, Plaintiff' credit repayment history, and Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness.

### Count I
### Violations of the Fair Credit Reporting Act
### Defendants Equifax, Experian, and Trans Union

Comes now Plaintiffs and for Count I against Defendants Equifax, Experian, and Trans Union and alleges to the Court:

34. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

35. Pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

36. Pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the

practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

37. Pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

38. Pertinent hereto, the Plaintiffs Cristin Llewellyn and Christopher Ciesiel are a "consumer[s]" as that term is defined by 15 U.S.C. §1681a(c).

39. Pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part to serve as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

40. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, and Trans Union are liable to the Plaintiffs for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, and Trans Union of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiffs' reports.

41. In addition, Plaintiffs disputed the inaccuracy to Defendants Equifax, Experian, and Trans Union.

42. Upon information and belief, the Credit Report Agency Defendants reported to the Defendant Carrington Mortgage Services, LLC that Plaintiffs disputed the delinquency and false credit reporting.

43. Defendants Equifax, Experian, and Trans Union failed to correct the inaccuracies and reverified to Plaintiffs that the reporting was accurate.

44. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax, Experian, and Trans Union are liable to the Plaintiffs for willfully and negligently violating the requirements imposed on Defendants Equifax, Experian, and Trans Union of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiffs' disputes and, likewise, took inadequate action to correct Plaintiffs' consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

45. The conduct of Defendants Equifax, Experian, and Trans Union were a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs and Defendants Equifax, Experian, and Trans Union are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against Defendants Equifax, Experian, and Trans Union based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

## Count II
## Violations of the Fair Credit Reporting Act
## Defendant Carrington Mortgage Services, LLC

Comes now Plaintiffs and for Count II against Defendant Carrington Mortgage Services, LLC and states and alleges to the Court:

46. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

47. Upon information and belief, the Defendants Equifax, Experian, and Trans Union reported to the Defendant Carrington Mortgage Services, LLC that Plaintiffs disputed the delinquency and false credit reporting.

48. Despite receipt of the disputes, the Defendant Carrington Mortgage Services, LLC failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the Defendants Equifax, Experian, and Trans Union, all in violation of the Act.

49. According to Defendants Equifax, Experian, and Trans Union' credit reports for Cristin Llewellyn and Christopher Ciesiel, the Defendant Carrington Mortgage Services, LLC continued to falsely report about Plaintiffs after the disputes.

50. Defendant Carrington Mortgage Services, LLC has likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

51. Rather, Defendant Carrington Mortgage Services, LLC continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiffs, as described more above.

52. Defendant Carrington Mortgage Services, LLC failed to investigate or reinvestigate

regarding consumer credit data it reported and repeatedly re-reported about Plaintiffs.

53. Defendant Carrington Mortgage Services, LLC failed to review all relevant and pertinent information provided to it by Defendants Equifax, Experian, and Trans Union.

54. Defendant Carrington Mortgage Services, LLC knew or should have known that its reporting and activities would (and will) damage Plaintiffs and their ability to enjoy life and utilize the credit rating and reputation property rights their secured by honoring their obligations to all of their creditors.

55. Defendant Carrington Mortgage Services, LLC, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiffs' disputes and to advise the Defendants Equifax, Experian, and Trans Union of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiffs.

56. The conduct of Defendant Carrington Mortgage Services, LLC was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs and Defendant is liable to the Plaintiffs for statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against the Defendant Carrington Mortgage Services, LLC for the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

By: /s/ Matthew Robertson
Matthew Robertson #70442
A.J. Stecklein #46663
Michael Rapp #66688
Sam Miller #72939
STECKLEIN & RAPP CHARTERED
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0727
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
msr@kcconsumerlawyer.com
sm@kcconsumerlawyer.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on January 28, 2022, a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court, which will automatically notify counsel of record.

/s/ Matthew S. Robertson
Attorney for Plaintiff